**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-27601-KMM

YENIEL AGUILAR RODRIGUEZ,

Petitioner,

v.

MIAMI FEDERAL DETENTION CENTER, Warden,

Respondent.

_______________________________________/

**ORDER TO SHOW CAUSE**

THIS CAUSE came before the Court upon Petitioner Yeniel Aguilar Rodriguez's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition" or "Pet."). (ECF No. 1). Therein, Petitioner alleges that he is in the physical custody of Respondent at the Miami Federal Detention Center in Miami, Florida. *Id.* at 1. A citizen of Cuba, Petitioner alleges that he is subject to a final order of removal. *Id.* at 7. Petitioner further alleges that U.S. Immigration and Customs Enforcement "presented him with a document for removal to a third country," but he declined to sign the same "because he wishes to be returned to Cuba." *Id.* Petitioner clarifies that he seeks to challenge his continued detention, not the validity of his removal order. *See id.* at 8. On this basis, Petitioner brings Ground One for unlawful detention under 8 U.S.C. § 1231(a) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pet. at 7.

Accordingly, UPON CONSIDERATION of the Petition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973) because Petitioner is detained in this District;
2. On or before **October 30, 2026**, Respondent shall notify the Court as to which attorney is assigned to this case;
3. On or before **November 2, 2026**, Respondent shall file one (1) consolidated memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;
    a. In the alternative, Respondent may advise the Court that it has or intends to provide Petitioner with the requested relief and shall notify the Court once such relief has been provided;
4. Counsel for Respondent must caption the memorandum as a "Response" rather than a Motion to Dismiss, and are cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;
5. Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of the Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);
6. Petitioner may, but is not required to, file a Reply within seven (7) days of Respondent's Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances.
7. The Court will address Petitioner's other requested relief after having reviewed the

Response and Reply.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th day of October, 2026.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record